AF Approval ____   Chief Approval ____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:16-cr-27-T-27JSS

MARTIN ALAN SCHNITZLER

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, MARTIN ALAN SCHNITZLER, and the attorney for the defendant, Bryant R. Camareno, mutually agree as follows:

**A.   Particularized Terms**

   1.   Count Pleading To

   The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with obstruction of persons in the free exercise of religious beliefs, in violation of 18 U.S.C. § 247(a)(2).

   2.   Maximum Penalties

   Count One carries a maximum sentence of 20 years' imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with

Defendant's Initials ____

respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.  Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which the defendant is pleading guilty. The elements of Count One are:

First:  The defendant obstructed, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs, or attempted to do so;

Second:  The defendant did so intentionally; and

Third:  The offense was in or affected interstate or foreign commerce.

4.  Indictment Waiver

The defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.  No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida and the United States Department of Justice's Civil Rights Division agrees not to charge the defendant with committing any other federal criminal offenses known to the United States Attorney's Office and Department of Justice's Civil Rights Division at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials _/M.f_                                  2

6. <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees to make full restitution to the Islamic Society of St. Petersburg and the Islamic Society of Pinellas County.

7. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _[initials]_    3

B.  **Standard Terms and Conditions**

   1.  Restitution, Special Assessment and Fine

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

   On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

   The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _MF_                    4

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _MF_     6

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United

Defendant's Initials _M.J._       7

States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida and Civil Rights Division Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Department of Justice's Civil Rights Division, and cannot bind other federal, state, or local prosecuting authorities, although they will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

Defendant's Initials _M.f._                   8

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as

the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.     <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On November 13, 2015, the defendant, Martin Alan Schnitzler, obstructed by threat of force various persons in the enjoyment of their free exercise of religious beliefs, and attempted to do so, by intentionally leaving threatening voicemail messages at the telephone numbers for the Islamic Society of St. Petersburg, which is located in St. Petersburg, Florida, and the Islamic Society of Pinellas County, which is located in Pinellas Park, Florida. The Islamic Society of St. Petersburg and the Islamic Society of Pinellas County are located in Pinellas County, Florida within the Middle District of Florida and are mosques used by people of the Islamic faith for religious worship and other cultural activities such as burial and marriage.

Schnitzler used his cellular telephone, an instrumentality of interstate commerce assigned telephone number (xxx) xxx-5126 and utilizing Verizon Wireless's cellular-telephone service, to call both the Islamic Society of St.

Defendant's Initials _M.S._         10

Petersburg and the Islamic Society of Pinellas County and leave the threatening voicemail messages.

In the threatening voicemail message left for the Islamic Society of St. Petersburg, Schnitzler said:

> Yes, I was calling with respect to the event on the 23rd and 24th of October, as well as the, ah, picnic, on the 18th of October. I've already missed all that. But, I'm basically going through your calendar, and I just wanted to let you know, with all that's coming up, and with what's going on in France, we're tired of your shit. And, I'm gonna fucking personally have a militia that's going to come down to your Islamic Society of Pinellas County, firebomb you, shoot whoever is there on sight in the head. I don't care if they're fucking two years old or a hundred. I'm over your fucking shit, and the whole country is. Check out Facebook, check out postings. This act in France is the last straw. And, ah, you know, fuck you. Fuck Allah. Fuck your sand nigger fucking (unintelligible). Get the fuck out of my country. And my name is Martin Schnitzler. Come find me, please. Please report me. 'Cause I would love, love it. You're going to fucking die, Mah-sed Su-nah, or whatever the fuck your name is. You fucking sand nigger.

In the threatening voicemail message left for the Islamic Society of Pinellas County, Schnitzler said:

> Yes, I'm a red-blooded American watching the news in France. I'm over this shit. I'm calling all mosques in Pinellas County. I'm bringing it to you, baby. I'm tired of this shit. Guard your children. I don't care if you're extremists or not. I'm tired of your shit. Get out of my fucking country. And I'm gonna bomb your fucking location. My name is Martin Schnitzler, and you can fucking come and find me and report me whenever you want. I'm gonna fucking take you guys down. I'm sick of you sand niggers fucking the world up. Fuck you. Fuck Allah. And we'll see how you like it when somebody firebombs your fucking place and starts shooting people at will in our country. I'm taking the war to you, and I'm gonna have a big following. We're over this shit. And

Defendant's Initials _M.f._          11

you're not the only mosque in this call, so don't feel as if it's prejudiced. Everyone's getting this call tonight. Fuck you.'

On November 14, 2015, Schnitzler agreed to participate in a voluntary interview with agents of the Federal Bureau of Investigation ("FBI") about the threatening voicemail message left for the Islamic Society of St. Petersburg, which was the only voicemail message that the FBI had discovered before interviewing Schnitzler. Schnitzler admitted to the FBI that he used the internet, which is an instrumentality of, operates in, and affects interstate and foreign commerce, to locate mosques in Pinellas County, Florida by performing an internet search for the words "Islam" and "Pinellas County." Schnitzler added that he was mad about the recent terrorist attacks in Paris, France, and that he left the threatening voicemail message as his way of expressing displeasure with what was occurring in the world regarding Muslims. Finally, Schnitzler admitted that he was not under the influence of drugs or alcohol when he intentionally left the threatening voicemail message, and that he knew that leaving the threatening voicemail message was "stupid and wrong."

One of the FBI agents who participated in the interview with Schnitzler confirmed that Schnitzler's voice matched the voice of the caller who left the threatening voicemail messages.

As a result of the threatening voicemail messages, the Islamic Society of St. Petersburg cancelled religious services, requested an increased law-enforcement presence around the mosque, and suffered decreased attendance and contributions at later religious services. Similarly, the Islamic Society of

Defendant's Initials /MF/          12

Pinellas County requested increased law-enforcement presence around the mosque, and suffered decreased attendance and contributions at later religious services.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _m.f._                    13

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 13th day of ~~December~~ January, 201~~5~~6.

Martin Alan Schnitzler
Defendant

Bryant R. Camareno
Attorney for Defendant

A. LEE BENTLEY, III
United States Attorney

Daniel George
Assistant United States Attorney

Daniel C. Irick
Assistant United States Attorney

VANITA GUPTA
Principal Deputy Assistant
Attorney General
Civil Rights Division
U.S. Department of Justice

Gabriel A. Davis
Trial Attorney
Civil Rights Division

14