UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO. 8:16-cr-00027-JDW-JSS

MARTIN ALAN SCHNITZLER

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the undersigned attorneys for the government, hereby files the following sentencing memorandum in support of a sentence of incarceration for the Defendant that is within the advisory Sentencing Guidelines' range of 12 to 18 months.

### I.  BACKGROUND

On January 22, 2016, the government filed a single-count Information charging the Defendant, Martin Alan Schnitzler, with obstruction of persons in the free exercise of religious beliefs, "by threat of force, including the threatened use of a dangerous weapon, explosives, and fire" in violation of 18 U.S.C. § 247(a)(2) and (d)(3). (*Doc.* 12.) The Defendant committed the offense when he used his cellular telephone to call two mosques, the Islamic Society of St. Petersburg and the Islamic Society of Pinellas County, and leave voicemail messages threatening to firebomb the mosques and shoot their congregants.[1]   The offense occurred on the evening of November 13, 2015. The Defendant confessed to leaving one of the voicemail messages during an interview with

---

[1] Unless otherwise noted, the facts in this section are taken from the Final Presentence Investigation Report ("PSR") in this case. (*Doc.* 25.)

the FBI the next day. An FBI agent who participated in the interview has confirmed that the Defendant's voice matches that of the caller who left the voicemail messages. The Defendant also identified himself by name in both of the calls.

In the threatening voicemail message left for the Islamic Society of St. Petersburg, Schnitzler said:

> Yes, I was calling with respect to the event on the 23rd and 24th of October, as well as the, ah, picnic, on the 18th of October. I've already missed all that. But, I'm basically going through your calendar, and I just wanted to let you know, with all that's coming up, and with what's going on in France, we're tired of your shit. And, I'm gonna fucking personally have a militia that's going to come down to your Islamic Society of Pinellas County, firebomb you, shoot whoever is there on sight in the head. I don't care if they're fucking two years old or a hundred. I'm over your fucking shit, and the whole country is. Check out Facebook, check out postings. This act in France is the last straw. And, ah, you know, fuck you. Fuck Allah. Fuck your sand nigger fucking (unintelligible). Get the fuck out of my country. And my name is Martin Schnitzler. Come find me, please. Please report me. 'Cause I would love, love it. You're going to fucking die, Mah-sed Su-nah, or whatever the fuck your name is. You fucking sand nigger.

In the threatening voicemail message left for the Islamic Society of Pinellas County, Schnitzler said:

> Yes, I'm a red-blooded American watching the news in France. I'm over this shit. I'm calling all mosques in Pinellas County. I'm bringing it to you, baby. I'm tired of this shit. Guard your children. I don't care if you're extremists or not. I'm tired of your shit. Get out of my fucking country. And I'm gonna bomb your fucking location. My name is Martin Schnitzler, and you can fucking come and find me and report me whenever you want. I'm gonna fucking take you guys down. I'm sick of you sand niggers fucking the world up. Fuck you. Fuck Allah. And we'll see how you like it when somebody firebombs your fucking place and starts shooting people at will in our country. I'm taking the war to you, and I'm gonna have a big following. We're over this shit. And you're not the only mosque in this call, so don't feel as if it's prejudiced. Everyone's getting this call tonight. Fuck you.

As a result of receiving the threats, the two mosques, which serve members of the Muslim faith by offering cultural activities and a space for worship, requested and

2

received an increased law-enforcement presence at their locations. Both mosques also suffered from a decrease in attendance at religious services and monetary contributions. One of mosques also cancelled services in response to the threats.

The Defendant pleaded guilty to the Information on February 16, 2016 before United States Magistrate Judge Julie S. Sneed after entering into a written plea agreement with the government. The Court accepted the guilty plea on March 1, 2016 and scheduled sentencing for May 9, 2016. The United States Probation Office for the Middle District of Florida completed a PSR and calculated the advisory Sentencing Guidelines' range as 12 months to 18 months imprisonment (Zone C) based on a total offense level of 13 and a criminal history category of I.

## II.   ARGUMENT

### A.   The Defendant Should Receive a Sentence of Incarceration Within the Guidelines' Range

In setting a sentence, a district court should begin by determining the applicable Sentencing Guidelines' range and should only grant a variance outside of the Guidelines' range if, under the factors identified in 18 U.S.C. § 3553(a), "the justification is sufficiently compelling" to support the extent of the variance. *See Gall v. United States*, 552 U.S. 38, 50, (2007); *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). In this case, the Guidelines' range is 12 to 18 months imprisonment. (PSR at 11.) The § 3553(a) factors reinforce the appropriateness of a sentence within that Guidelines' range and weigh against any downward variance. Moreover, there are no "compelling" justifications under the 18 U.S.C. § 3553(a) factors that would support anything other than a sentence of incarceration.

3

### 1. The nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need to afford adequate deterrence all warrant a sentence of incarceration.

The seriousness of the Defendant's offense, as evidenced by the harm he threatened to cause—and, in fact, did cause—supports a sentence of incarceration. As the Eleventh Circuit stated in *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010):

> Because the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be. The seriousness of a crime varies directly with the harm it causes *or threatens*. It follows that the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime. (Emphasis added.)

Here the Defendant made real and specific threats to cause indiscriminate damage, destruction, and death based on religion. That he began one of the voicemails by announcing that he was monitoring his victim's event calendar, (PSR at 4), which implies that he knew when and where to find the mosque's congregants, underscores the seriousness of the threat and the terror he intended to inflict.

This was also a crime of choice and deliberation. The Defendant carefully selected his victims by using the Internet to search for mosques in Pinellas County, before visiting the websites of those mosques. (*Id.*) Additionally, he admitted that he was sober when he made the calls. (*Id.*) The Defendant plainly knew that threats such as, "I'm gonna fucking personally have a militia that's going to come down to your Islamic Society of Pinellas County, firebomb you, shoot whoever is there on sight in the head. I don't care if they're fucking two years old or a hundred," were menacing, which is why he dared the victims to "report" him. He intended to obstruct the mosques' practice of religion in that, at the very least, he intended to cause the kind of fear of death that would keep Islamic individuals from freely gathering in mosques and in Pinellas County. Hence, the

4

Defendant's threats plainly implicate the kind of harm deliberation that warrant a sentence of incarceration under the Guidelines.

Additionally the evidence shows the Defendant's conduct was so harmful that the victim mosques increased security around the mosques, cancelled services, and lost donations. (PSR at 5.) In light of such threatened and realized harm, a sentence of incarceration within the Guidelines' 12-to-18 month range is plainly proportional to the offense and is necessary to reflect the seriousness of the crime.

A Guidelines sentence is also necessary to deter others from committing similar offenses and to promote respect for the law. General deterrence is one of the primary purposes of sentencing. *See United States v. McQueen*, 727 F.3d 1144, 1158 (11th Cir. 2013). The deterrence concerns are amplified in this case because of the public nature of the Defendant's offense and associated media coverage; the Defendant blamed his conduct on the highly publicized Paris terrorist attacks that occurred on November 13, 2015, and on other events "in the world regarding Muslims." (PSR at 4.) A sentence of incarceration within the Guidelines' range will deter the public—and anyone considering copycat crimes—by making it clear that this Court will not tolerate religious-based violence or threats of violence.

Furthermore, a Guidelines sentence will vindicate the rights of the people impacted by the Defendant's conduct and will promote respect for the laws guaranteeing everyone the free enjoyment and exercise of religious beliefs without obstruction, interference, or fear of death.

### 2. The Defendant's history and characteristics, and the need to protect the public all warrant a sentence of incarceration.

The Defendant's criminal history also weighs in favor of a sentence within the Guidelines' range. This is not the Defendant's first conviction or even his first brush with violent conduct. As indicated in the PSR, the Defendant was convicted in 2008 for DUI in Pinellas County and sentenced to a term of probation. (PSR at 6.) In addition, he received pretrial diversion in 1997 after being arrested for disorderly conduct based on a victim's report that the Defendant aimed a firearm at her and threatened to kill her. (*Id.* at 7.) In both the cases just described, the Defendant received sentences that did not involve incarceration, sentences that clearly failed to prevent the Defendant's criminal conduct in this case.

To be sure, the Defendant has expressed remorse and accepted responsibility in this case. Nevertheless, the applicable Guidelines' range already accounts for his remorse and acceptance responsibility with the 2-level reduction applied pursuant to USSG §3E1.1(a).

### 3. The need to avoid unwarranted sentencing disparities supports a sentence within the Guidelines' range.

The need to avoid unwarranted sentencing disparities, in accordance with 18 U.S.C. § 3553(a)(6) also weighs in favor of a Guidelines sentence because a sentence in the Guidelines' range necessarily complies with § 3553(a)(6). *See Gall*, 552 U.S. at 54; *United States v. Kirschner*, 397 F. App'x 514, 519 (11th Cir. 2010). Other defendants who have been prosecuted for making similar threats have also received sentences of incarceration in other jurisdictions. *See, e.g., United States v. Corum*, No. CRIM. 01-236(JRT/FLN, 2003 WL 21373219, at *1 (D. Minn. May 22, 2003) (sentencing

defendant to 16 months imprisonment for conviction under 18 U.S.C. 247(a)(2) where defendant left threatening voicemail messages for synagogues); *see also United States v. Schuett*, 415 F. App'x 792, 792-93 (9th Cir. 2011), *cert. denied*, 131 S. Ct. 3079 (2011) (affirming 42 month sentence for a defendant convicted under 18 U.S.C. 844(e) for threatening to bomb an Air Force base, given "seriousness of the crime" under § 3553(a)).

### III.   CONCLUSION

A Guidelines sentence of imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing identified in § 3553(a). A downward variance outside of the Guidelines' range, particularly one that does not include a sentence of incarceration, would fail to reflect the seriousness of the offense, promote respect for the law, or afford adequate deterrence. Moreover, a downward variance would also fail to account for the Defendant's criminal history and characteristics and would lead to unwarranted sentencing disparities.

Based on the foregoing, a sentence within the Sentencing Guidelines' range of 12 to 18 months imprisonment is appropriate, sufficient, and not greater than necessary to achieve the purposes of sentencing.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: */s/ Daniel George*
DANIEL A. GEORGE
Assistant United States Attorney
USAO No. 165
400 N. Tampa Street, Suite #3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274-6103
E-mail: daniel.george@usdoj.gov


VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

By: */s/ Gabriel Davis*
GABRIEL A. DAVIS
Trial Attorney
Civil Rights Division
U.S. Department of Justice

U.S. v. Martin Alan Schnitzler                         Case No. 8:16-cr-27-JDW-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Bryant Camareno , Esq.

By:   *s/ Daniel George*
       DANIEL A. GEORGE
       Assistant United States Attorney
       USAO No. 165
       400 N. Tampa Street, Suite #3200
       Tampa, Florida 33602
       Telephone:  813-274-6000
       Facsimile:   813-274-6103
       E-mail:      daniel.george@usdoj.gov