# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA   Case No.:** 8:16 – CR -27 –T -27JSS


**v.**

**MARTIN ALAN SCHNITZLER**

_____ **:**

## DEFENDANT MARTIN SCHNITZLER'S SENTENCING MEMORANDUM
## AND MOTION FOR DOWNWARD VARIANCE

COMES NOW, the undersigned counsel, on behalf of the Defendant,

**MARTIN ALAN SCHNITZLER**, and files this sentencing memorandum and

Motion for Downward Variance and in support states as follows:

### I.      SENTENCING POSITION

Defendant respectfully submits that the original PSR guideline calculation of

a total offense level of 11 be followed. In that original calculation, the applicable

guideline range is in Zone B of the Sentencing Table, which the minimum term

may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment

that includes a term of supervised release with a condition that substitutes

community

confinement or home detention according to the schedule in USSG §5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in USSG §5C1.1(e). USSG §5C1.1(c).

However, should this Honorable Court sustain the second PSR of a total offense level of 13 (12 – 18) the defendant would seek a sentence that consists of a sentence of imprisonment that does not exceed six months. USSG §5C1.1(d).

**In the alternative, the Defendant is seeking a downward variance for a term of <u>community confinement</u> or <u>home detention</u>.**

In short, the Defendant respectfully submits that a sentence of no greater than <u>six</u> months of imprisonment followed by supervised release is a reasonable and therefore not greater than necessary sentence given the totality of the circumstances and the collateral consequences of his criminal conduct.

II.    **APPICLABLE LAW REGARDING THE FEDERAL SENTENCING GUIDELINES**

This Honorable Court understands the law regarding the discretion it has at federal sentencing based upon the advisory nature of the federal sentencing guidelines and Title 18 United States Code Section 3553(a) and (e).1

III.    **TITLE 18 U.S.C. 3553(a)**

This Honorable Court is well aware that the factors set forth in 18 U.S.C. Section 3553(a)(1), (2), (3), (6), (7) are on equal footing with the advisory federal sentencing guideline range in fashioning a reasonable but not greater than necessary sentence under the law.

These sections require that the sentence of a federal defendant reflect:

1.    The nature and circumstances of the offense and the history and characteristics of the defendant; 18 U.S.C. Section 3553(a)(1)

2.    The need for the sentence imposed, 18 U.S.C. Section 3553(a)(2)

    a.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

    b.    to afford adequate deterrence to criminal conduct.

    c.    to protect the public from further crimes of the defendant.

   d.   to provide the defendant with needed educational or vocational training,  medical care, or other correctional treatment in the most effective manner.

3.   The kinds of sentences available; 18 U.S.C. Section 3553(a)(3).

4.   The need to avoid unwarranted disparity among defendants with similar records and similar crimes; 18 U.S.C. Section 3553(a)(6).

5.   The need to provide restitution to any victims of the offense. 18 U.S.C. Section  3553(a)(7).

IV.    **APPLICATION OF THE 3553 FACTORS TO THE FACTS OF THIS CASE**

A.    *The nature and circumstances of the offense and the history and characteristics of the defendant; 18 U.S.C. Section 3553(a)(1).*

The history and characteristics of the Defendant are unique and therefore so should his sentence be unique.  The Defendant suffered from a traumatic event as a child and as a result has suffered from depression and anxiety since 2001. He is presently prescribed Klonopin, Trazodone, and an additional anti-anxiety medication. According to the PSR, records from Behavioral Healthcare Options in Safety Harbor, Florida, indicate that the defendant underwent an evaluation on September 30, 2014 and was diagnosed with generalized anxiety disorder, alcohol dependence (in remission), and other unspecified depressive disorder. He also previously attended counseling at Behavioral Healthcare Options. It was because of the Defendant's depression and lack of medication on the date of the offense, that led to the defendant making the calls that led to his arrest.

At the time of his arrest, the Defendant fully cooperated with the federal agents, admitted his guilt, and immediately apologized for his actions. There was nothing in the Defendant's possession that would allowed him to carry out his threat.

Finally, the Defendant is proud to have been employed for over ten years at Sierra Stone Aggregate in Largo, Florida. The Defendant manages the office and also completes human resources functions, earning $21.90 per hour plus benefits. It is through this employment that he is willing and able to pay the outstanding restitution.

B.    *The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant; 18 U.S.C. Section 3553(a)(2).*

A sentence of <u>community confinement</u> or <u>home detention</u> or a sentence of no greater than 6 months of imprisonment will reflect the seriousness of the offense in that it will result in a federal conviction, depriving the defendant of many of his valuable rights. This sentence will also provide protection to the public and deterrence as the Defendant is unlikely to ever commit another crime given his age and the fact that the Defendant has been gainfully employed and has behaved accordingly while on pre-trial release.

C.    *The kinds of sentences available; 18 U.S.C. Section 3553(a)(3).*

There is no minimum mandatory penalty associated with the Defendant's plea agreement. This Honorable Court is free to sentence the Defendant to any sentence it deems reasonable.

V.    **COLLATERAL CONSEQUENCES**

Incarceration will most certainly be a tremendous hardship on him in that he will likely lose his job and will be without any income. In addition, he will leave behind his job which depends upon him tremendously.

## VI.    **FINAL POINT**

The Defendant submits that the need to pay restitution outweighs the need for incarceration.  The Defendant is gainfully employed and he has accepted the restitution amount and will be prepared to pay that amount.

The Defendant respectfully states that a sentence of <u>community confinement</u> or <u>home detention</u> or a sentence of no greater than 6 months of imprisonment is the only reasonable but not greater than necessary sentence under the law and thus is the lowest permissible sentence allowed by law.   As a result, this Honorable Court should consider the collateral consequences and vary downward.

## CONCLUSION

WHEREFORE, the Defendant, **MARTIN ALAN SCHNITZLER**, by and through the undersigned counsel respectfully requests this Honorable Court grant the stated relief and/or any other relief this Honorable Court deems appropriate.

Respectfully submitted,

By: /s/ Bryant R. Camareno

Bryant R. Camareno , P.A.

Florida Bar No.: 48283

607-A West Martin Luther King, Jr. Blvd.

Tampa, Florida 33603

(813) 234-4759

Email: Bryant@Camarenolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on May 5, 2016, I electronically filed the foregoing with the  Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Bryant R. Camareno

Jane Daoust
Seminole, FL 33772

4/28/16

Judge Janes Whittemore
US District Court
Tampa, FL

Your Honor,

I am writing in reference to Martin Schnitzler, who faces criminal sentencing before your court.

I have known Marty for 5 years; he is my neighbor and my friend. Marty has always been there for me physically and emotionally when I was going through some very rough times and I could not ask for a better friend.

I was very surprised when I heard about what he had done. Marty is a person of good character. I realize that may be hard to believe given the circumstances, but it is true. I do believe her is a good person at the core.

Marty has made a big mistake, and he is incredible remorseful, he is willing to do whatever it takes to make reparation. I do believe he needs to be given the opportunity for a second chance. I do understand that he broke the law, and I believe that he should not go without punishment. To my knowledge he has done everything the court has ordered and I hope that you feel that that is enough punishment for his crime.

Thank you,


Jane H. Doaust

On Tuesday, April 26, 2016 10:56 PM, Tisha Price <tishaprice38@yahoo.com>
wrote:


To whom it may concern:

I am writing to make whomever aware that Martin Schnitzler is a
very passionate loving man with a kind heart.  I am of a black
decent with Cherokee Indian and no way in any form is he a racist.
I've known him for years and had an intimate relationship with him.
We all have passions and beliefs and sometimes with social media
these days can be a little overwhelming with the freedom of
speech.  Us Americans In A sensitive time in our lives with war and
politics have deep passions on their beliefs but in no way did he
meant any harm or seriousness or even to act out on anyone.  He
made a mistake in which I hope he can be forgiven for he doesn't
deserve the worst punishment that this state or federal gives for
such an act.  I can assure you this man have learned a lesson from
several deep conversations we had over since this incident.  He
knows to keep his passions to himself and not to verbalized them
ever again.  Please read and understand we are all humans with
passions and some of us mean no harm and Martin is definitely one
of them.

I sincerely hope you take my letter in consideration for who this
man is and stand for and would give his shirt off his back for a
person in need.  Don't make this one occurrence ruin his life and
freedom.  Let's give this law biding citizen a slap on the wrist and
start an anew!

Sincerely,
Tisha Price

Sent from my iPhone